IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:14-430-JFA |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| RAYCO BETHEA ) | |
| _____) | |

    This matter is before the court on the defendant's second *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 1107). Seeking compassionate release, the defendant states that his terminal illness and serious medical conditions constitute an extraordinary and compelling reason for his immediate release to home confinement.

    The government first opposed the defendant's motion, arguing that the defendant has not shown an extraordinary and compelling reason for compassionate release. Then, in its response to the defendant's motion to expedite (ECF No. 1127), the government indicated that it does not oppose the defendant's release to time-served because the Bureau of Prisons (BOP) will be releasing the defendant to home confinement in a few months.

    The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is granted.

STANDARD OF REVIEW

Courts may not modify a sentence once imposed with few exceptions. 18 U.S.C. § 3582(c). One exception is compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. To grant a compassionate release motion under § 3582(c)(1)(A)(I), the district court must conduct a two-step analysis. *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024). First, the court must find "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Hargrove*, 30 F.4th 189, 194–95 (4th Cir. 2022). After a district court finds that an "extraordinary and compelling" reason for sentence modification exists, it must then evaluate the relevant § 3553(a) factors. *Id*. at 195. The defendant bears the burden to establish that he or she is eligible for a sentence reduction under § 3582. *Centeno-Morales*, 90 F.4th at 279.

The court must also determine that such a reduction would be consistent with "applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024). Relevant here, an amended Sentencing Guidelines policy statement went into effect in November 2023 and provides criteria for determining the existence of extraordinary and compelling reasons for release. Generally, the list of circumstances qualifying as extraordinary and compelling falls into several categories: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant was the victim of certain abuse while in custody; (5) any other circumstances or combination of circumstances that, when considered by

themselves or together with any of the preceding categories, are similar in gravity; and (6) an unusually long sentence if the defendant meets certain conditions. U.S.S.G. § 1B1.13(b).

*Exhaustion of Remedies*

Before a court may consider a defendant's motion for compassionate release, the defendant must have completed the initial step of requesting that the Bureau of Prisons (BOP) bring a motion on his behalf. The defendant may file a motion with the court: (1) after fully exhausting all administrative rights to appeal; or (2) after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. *See United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021), 18 U.S.C. § 3582(c)(1)(A).

The government does not dispute the defendant's exhaustion of his administrative remedies. Thus, the court will proceed to review the matters on the merits.

## DISCUSSION

The Sentencing Commission issued a policy statement, amended in November 2023, that governs reduction of sentences under § 3582(c)(1)(A). The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(A). Second, the standard is met if the defendant is: (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III)

3

experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(B). Third, extraordinary and compelling reasons exist when the defendant is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in heath or death." U.S.S.G. § 1B1.13, cmt. n.1(b)(1)(C).

*The Defendant's Medical Conditions*

In his motion for compassionate release (ECF No. 1107), the defendant seeks a reduction of his sentence to time-served based on his serious medical conditions. He asserts that he has end stage kidney failure that requires dialysis three times a week. He also asserts that his medical conditions could be described as terminal illness so subsection (A) is applicable, presumably referring to U.S.S.G. 1B1.13(A). He claims that he has shown his ailments rise to the level of terminal illness citing the following additional medical conditions: Lupus, anemia, secondary hyperthyroidism, GERD, obstructive sleep apnea, hypertension, and vitamin D deficiency. He also claims that his rehabilitation can be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

As the government notes in its opposition memorandum, ESRD (end-stage renal disease) is the final permanent stage of chronic kidney disease where kidney function has

declined to the point where kidneys can no longer function on their own. A person with ERSD must receive dialysis or a kidney transplant to survive for more than a few weeks. The defendant has been receiving dialysis three times each week while incarcerated at the BOP as well as appointments once a month by a contract nephrologist.

The government avers that the BOP is adequately caring for the defendant's medical needs and that his ailments have not limited his ability to provide self-care for himself while incarcerated. The defendant continues to work at the BOP and take educational classes, as well as take part in daily physical exercise.

In his motion to expedite (ECF No. 1121), the defendant says that his kidney transplant is being hindered because "he is under three years" and "while on BOP home confinement can't apply for a kidney transplant." He then requests a reduction of his sentence to time served and to be listed on a kidney transplant list while on supervised release.

In its response (ECF No. 1127), the government notes that a person on home confinement would not be disqualified solely because of confinement to a halfway house or home confinement. The defendant has also expressed his refusal to be placed on the BOP's transplant list.

According to the defendant, and confirmed by the government, the BOP will place the defendant on home confinement on January 22, 2026. The government has reconsidered the defendant's request and does not oppose his release to time served. However, the

government requests that the defendant's release be held in abeyance for 30 days to allow the BOP to arrange a continuing care plan to address the defendant's medical needs after his release.

As a result of the BOP's determination to release the defendant to home confinement due to his serious medical conditions, the court will give the defendant the benefit of the doubt and assume that his medical conditions constitute an extraordinary and compelling reason for a reduction of his sentence to time-served so that he can be placed on a kidney transplant list.

This determination, however, does not end the court's inquiry. Under Fourth Circuit guidance, the court must again examine the factors under 18 U.S.C. § 3553(a), together with the defendant's post-sentencing conduct, and any other mitigating factors, to determine if the defendant's immediate release is appropriate.

Taking the § 3553(a) factors in order, the court finds as follows:

1. *Nature and Circumstances of the Offense*. The defendant was one of 12 defendants named in a 34-count Indictment (ECF No. 3) filed in the District of South Carolina on June 17, 2014. He was charged in Count 1 with conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 290 grams or more of cocaine base, in violated of 21 U.S.C. § 841(a)(1).

This court sentenced the defendant to life imprisonment. After his appeal was granted in January 2021, the defendant was resentenced by this court to 188 months imprisonment.

He has served more than 10 years of his sentence.

    2. *History and Characteristics of the Defendant*. The defendant is currently 50 years old. Prior to his upcoming release by the BOP to home confinement, the defendant's projected release date was December 2027. He is presently housed at Springfield MCFP in Missouri. As to the defendant's post sentencing conduct, the defendant attests that he has taken a variety of educational classes during his incarceration. He contends that he has not exhibited any behavior problems to indicate that he would be a threat to society. He states that he has had no history of disciplinary action since 2021, he is a minimum security prisoner, and has a minimum risk of recidivism per the BOP's assessment. The defendant also contends that he has strong family support and a release plan that will help ensure his success.

    3. *Seriousness of the Crimes*. As evidenced by the historical facts set out in the PSR involving the defendant's instant conviction, this court regards the defendant's crime as very serious, fully supportive of a significant sentence.

    4. *Whether the Sentence Promotes Respect for the Law and Just Punishment for the Offense*. The court finds a significant sentence is necessary to promote respect for the law and just punishment.

    5. *Whether the Sentence Affords Adequate Deterrence to Criminal Conduct*. The court finds that a significant sentence is necessary to provide both general and specific deterrents.

6. *Whether the Sentence Protects the Public from Future Crimes of the Defendant.* The court finds that a significant sentence is necessary to protect the public from future crimes of the defendant.

7. *Need to Avoid Unwarranted Disparity.* Viewing the defendant's sentence as compared with the culpability of the defendant and his associates, his imposed sentence was and is in line with the other co-defendants.

## CONCLUSION

For the foregoing reasons, the court determines that the defendant has demonstrated an extraordinary and compelling reason for his release due to his medical conditions. The government does not oppose the reduction of his sentence to time-served. Additionally, the BOP will be placing the defendant on home confinement on January 22, 2026.

Accordingly, the defendant's motions are granted (ECF Nos. 1107, 1121) and his custodial sentence is reduced to time-served. However, this order shall be held in abeyance for up to 30 days to allow the BOP to coordinate the defendant's release plan for his medical conditions. All other provisions of the defendant's previously imposed sentence remain in effect, including the defendant's term of supervision of five years (ECF No. 1019).

IT IS SO ORDERED.

October 28, 2025                              Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge